**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRANISHA W. W., | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| Defendant | : | NO. 25-3175 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                    February 26, 2026

Transisha W. W. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act. Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it and Plaintiff has filed a reply brief. For the reasons set forth below, Plaintiff's request for review is denied.

**I.      PROCEDURAL HISTORY**[1]

On June 19, 2023, Plaintiff applied for DIB, she later applied for SSI, on July 7, 2023, alleging that her disability commenced December 9, 2021, based on physical and mental impairments. R. 17. Her DIB and SSI claims were denied initially on December 27, 2023, and upon reconsideration, on June 3, 2024, so Plaintiff requested a hearing. R. 17. On December 13, 2024, Plaintiff, represented by counsel, and vocational expert ("the VE") Celena Earl testified telephonically before Administrative Law Judge ("the ALJ") Robert J. Ryan. R. 17. On March 6,

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review by Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record ("R.").

2025, the ALJ, using the sequential evaluation process for disability,[2] issued an unfavorable decision.  R. 17.  The Social Security Administration's Appeals Council denied Plaintiff's request for review, on April 14, 2025, making the ALJ's findings the final determination of the Commissioner.  R. 17.  Plaintiff seeks judicial review and the parties are deemed to have consented[3] to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).  ECF. No. 8.

## II.    FACTUAL BACKGROUND

A.    <u>Personal History</u>

Plaintiff, born on June 3, 1973, was 48 years old on her alleged disability onset date and 51 years old at the time of the administrative hearing.  R. 45.  She has a high school diploma and an associate's degree in medical science.  R. 45.  Although Plaintiff has a driver's license, she has

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether or not an adult claimant is disabled:

> 1.  If claimant is working, doing substantial gainful activity, a finding of not disabled is directed.  Otherwise proceed to Step 2.  *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2.  If claimant is found not to have a severe impairment which significantly limits her physical or mental ability to do basic work activity, a finding of not disabled is directed.  Otherwise proceed to Step 3.  *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3.  If claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed.  Otherwise proceed to Step 4.  *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. If claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed.  Otherwise proceed to Step 5.  *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).
>
> 5.   The Commissioner will determine whether, given claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled.  *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

[3] On August 14, 2025, this court directed (Document No. 6) Plaintiff to file the Consent to or Declination of Jurisdiction of a Magistrate Judge form ("the Form") within 14 days of the date of the notice.  Plaintiff did not file the Form.  Therefore, the court deemed Plaintiff to have consented to jurisdiction of the undersigned for all purposes under 28 U.S.C. § 636(c), *see Roell v. Withrow*, 538 U.S. 580 (2003), on October 2, 2025.

someone drive her around because of her difficulty focusing and anxiety.  R. 45.  Plaintiff lives with her oldest daughter.  R. 48.

B.        Plaintiff's Testimony

Plaintiff testified that she last worked in October 2019 after a nervous breakdown in May of that year.  R. 45-46.  She largely isolates herself in her bedroom, sleeps frequently, reads and watches television.  R. 47-48.  Plaintiff testified that she does not participate in any activity for more than one hour because of her poor attention span.  R. 47-48.  She also has no social hobbies and does not participate in social activities outside of her home.  R. 48.

Plaintiff testified that she experiences significant mental health symptoms and limitations. She takes medication for bipolar disorder, PTSD, anxiety, and depression; side effects of her mental health medications include drowsiness and racing thoughts.  R. 47.  Plaintiff also takes medication for hypertension and diabetes, including insulin daily and Ozempic weekly; a rescue inhaler is used for asthma, as needed.  *Id.*  She testified that she is sometimes "out of it" and unable to function normally, drowsiness requires her to lie down, nap daily and feel "wobbly."  *Id.* Plaintiff experiences suicidal and homicidal ideation daily.  R. 50.  She can focus on only one task for approximately one hour or less at a time, depending on the day and circumstances; she frequently forgets things during conversations, asks others to repeat themselves, or forgets the topic of conversation entirely.  R. 48.  Plaintiff was hospitalized at Belmont Rehabilitation Center in early 2024 for nearly three months; upon discharge, outpatient psychiatric treatment occurred at Serenity Safe Haven once a week.  R. 49, 932.

Plaintiff also testified regarding her physical impairments and medical treatment.  She stated that her carpal tunnel syndrome has worsened as she aged.  This limits her ability to lift more than 10 pounds and restricts repetitive or consecutive motion, and causes difficulty pushing

3

and pulling.  R. 46-47.  She is sometimes unstable on her feet.  R. 46.  Plaintiff is able to cook and clean, but not regularly; her carpal tunnel syndrome also causes difficulty with manipulating buttons and zippers, therefore, she wears sweats, tights, hoodies, or sweatshirts.  R. 49-50.  Plaintiff lives with her oldest daughter, who assists her with daily cooking and cleaning.  R. 49.

C.      Vocational Testimony

The ALJ questioned the VE about a hypothetical individual of Plaintiff's age, with an associate's degree but no past work experience, who is limited to light[4] exertion and can never climb ladders or scaffolds, or tolerate exposure to extremes of dust, dirt, fumes, or other pulmonary irritants, nor exposure to extremes of temperature or humidity, but can: understand, remember, and carry out simple instructions in a job that has few workplace changes, and is not dependent on public interaction.  R. 52.  The VE testified that the posited person could perform three jobs:  (1) ticket marker, 142,000 positions in the national economy; (2) routing clerk, 117,000 positions in the national economy; and (3) inspector and hand packager, 8,300 positions in the national economy.  R. 52.  The additional limitation of being unable to maintain attention for a two-hour segment would preclude all work in the national economy.  R. 52-53.

Plaintiff's counsel posed a hypothetical to the VE involving an individual who was:  (1) off task fifty percent of the workday; (2) missed two days of work per month due to impairments; (3) markedly limited in the ability to carry out complex instructions and appropriately interact with supervisors; (4) markedly limited in the ability to respond to usual work situations and changes in a routine work setting; and (5) restricted to occasional overhead reaching in all directions and occasional handling and fingering.  R. 53-54.  The VE testified that an individual with any one of these limitations would be unable to perform any work available in the national economy.  R. 54.

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. §§ 404.1567(b), 416.967(b).

### III.    THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2024.

2. [Plaintiff] has not engaged in substantial gainful activity since December 9, 2021 (20 CFR 404.1571 *et seq.*, and 416.971, *et seq.*).

3. [Plaintiff] has the following severe impairments:  asthma, obesity, bipolar disorder, PTSD (20 CFR 404.1520(c) and 416.920(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: can understand, remember and carry out simple instructions at a job that has few workplace changes and is not dependent on public interaction; she cannot climb ladders or scaffolds; she cannot work in extremes of dust, dirt, fumes or other pulmonary irritants; she cannot work in extremes of temperature or humidity.

6. [Plaintiff] has no past relevant work (20 CFR 404.1565 and 416.965).

7. [Plaintiff] was born on June 3, 1973 and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. [Plaintiff] subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. [Plaintiff] has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue because the [Plaintiff] does not have past relevant work (20 CFR 404.1568 and 416.968).

10.     Considering the [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11.     The [Plaintiff] has not been under a disability, as defined in the Social Security Act, from December 9, 2021, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

R. 20-21, 23, 30-32.

## IV.   DISCUSSION

A.     Standard of Review

Judicial review of the Commissioner's final decision is as follows.  The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence.  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted).  While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance.  *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).  Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion.  *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).  Indeed, the court is not permitted to weigh the record evidence itself.  *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  By contrast, the Commissioner's legal conclusions are subject to *de novo* review.  *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

6

B.    Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.    Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process ("SEP"), the ALJ determined that, although Plaintiff had no past relevant work, she could perform other light jobs that exist in the national economy and, therefore, was not disabled. Plaintiff disputes the ALJ's non-disability determination and argues that the ALJ committed reversible error by: (1) failing to incorporate

into the residual functional capacity ("RFC") assessment the opinions of state agency consultants Drs. Popat and Keiter that Plaintiff is limited to frequent bilateral handling, without providing a proper explanation; and (2) failing to analyze the supportability and consistency factors when rejecting the opinions of consultative examiners Nurse Practitioner Regis ("NP Regis") and Dr. Basch regarding Plaintiff's physical and mental health limitations. Pl. Br. at 5-8. The Commissioner denies these assertions of error. Resp. at 5-12. This Court finds Plaintiff's arguments meritless because (1) the ALJ properly evaluated the opinions of Drs. Popat and Keiter and, even if any error occurred, it was harmless; and (2) the ALJ properly considered the supportability and consistency factors when considering opinions from NP Regis and Dr. Basch.

      1.  <u>The ALJ did not err Regarding Drs. Popat and Keiter's Opinions</u>

Plaintiff first argues that the ALJ erred by failing to incorporate into the RFC restrictions set by Drs. Popat and Keiter limiting her to frequent bilateral handling, without providing a proper explanation. However, the ALJ is not required to use any "magic words" or particular language when evaluating the record evidence. *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citing *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004)). The ALJ adequately analyzed and explained his reasons for rejecting Drs. Popat and Keiter's opinions through the required persuasiveness analysis. R. 29-30 (finding the doctors' opinions "persuasive because they are supported by an explanation and consistent with the objective medical evidence insofar as they find the claimant capable of performing the exertional demands of light work" and explaining that there is no objective evidence that Plaintiff has manipulative limitations or any need to have no exposure to hazards). Drs. Popat and Keiter did not offer disabling opinions. Notably, all occupations identified by the VE require frequent handling Drs. Popat and Keiter found that Plaintiff could perform frequent bilateral handling. *See* Marker, DOT 209.587-034, 1991 WL

8

671802; Routing Clerk, DOT 209.687-022, 1991 WL 671812; Inspector/Hand Packager, DOT 559.687-074, 1991 WL 683797.

2.  The ALJ Properly Analyzed the Opinions of NP Regis and Dr. Basch

Plaintiff next argues that the ALJ failed to apply the required supportability and consistency factors when analyzing opinions of consultative examiners NP Regis and Dr. Basch regarding Plaintiff's physical and mental health limitations.  Pl. Br. at 7-8.  The governing regulations require an ALJ to explicitly consider supportability and consistency when evaluating medical opinions.  20 C.F.R. §§ 404.1520c (b)(2), 416.920c(b)(2).[5]  Supportability refers to the objective medical evidence and explanations the source himself or herself provides to justify the opinions.  20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  Consistency asks how consistent the objective medical and other evidence in the record is with the source's opinions.  20 C.F.R. §§ 404.1520c (c)(2), 416.920c(c)(2).  This regulation is consistent with the enabling statute.  *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 639 (3d Cir. 2024).

The ALJ expressly considered the supportability and consistency factors when addressing NP Regis's opinion that Plaintiff is limited to occasional bilateral handling.  R. 29-30.  The ALJ acknowledged that NP Regis supported her opinion with an explanation, but determined that the conclusion was inconsistent with Regis's own clinical findings.  *Id.*  Indeed, NP Regis's opinion—which would be disabling, R. 54—is neither supported by objective evidence nor by other opinion evidence in the record.  NP Regis's report reflects intact hand and finger dexterity and 100% bilateral grip strength.  R. 802.  Moreover, Plaintiff concedes that NP Regis's opinion is plainly inconsistent with the opinions of Drs. Popat and Keiter, who found that Plaintiff could perform frequent handling, which is not disabling.  *See* Pl. Br. at 6 (arguing that the ALJ should have

---

[5] Other relevant factors which may be considered are:  the source's relationship to the claimant, the source's specialization and other factors.  20 C.F.R. § 404.1520c(c)(3)-(5).

"reconciled" the differences between the opinions of Drs. Popat and Keiter and that of NP Regis). Accordingly, the ALJ did not err in his evaluation of NP Regis's opinion.

The ALJ also properly considered supportability and consistency when addressing Dr. Basch's opinion that Plaintiff is markedly limited in interacting with supervisors and responding appropriately to usual work situations and changes. R. 28. The ALJ acknowledged that Dr. Basch supported his opinions with an explanation, but noted that Dr. Basch's opinions were inconsistent with objective medical findings, referencing Plaintiff's mental status exams. *Id.* Hence, the ALJ did not err with respect to his consideration of Dr. Basch's opinion.

Accordingly, an implementing order and judgment will follow.